**RICHMOND et, Plaintiffs, v. HALLOCK et, Defendants.**

Common Pleas Court, Trumbull County.

No. 63486.   Decided March 27, 1956.

C. H. Klinger, Murray F. Hallett, for plaintiffs.
Pickering & Battista, Minerva, Hoppe, Day & Ford, Warren, for defendants.

## OPINION

By BIRRELL, J.

The Amended Petition in this case alleges that the Plaintiffs are entitled to immediate possession of certain premises in the Township of Braceville which they allege were purchased on June 25th, 1912, by James F. Richmond, who caused the record title thereto to be put in the name of Hattie Beattie, now Hattie Beattie Hallock, and that said premises were conveyed to her as trustee "under a valid, continuing and subsisting trust." The petition further states that James F. Richmond died November 11th, 1915, and that said trust estate was terminated and the Plaintiffs and certain defendants became owners of the premises. Plaintiffs further claim that Hattie Beattie Hallock concealed her trusteeship from them since that date, and they therefore request both possession of the premises and an accounting and judgment for the profits of said property since that time. The Defendant, Hattie Beattie Hallock denies that James Franklin Richmond purchased said premises or that they were conveyed to this Defendant as trustee, or that she has held said property in trust, and further denies that she has concealed anything from these Plaintiffs.

The evidence is as follows: Plaintiff first offers the deed from Betsy A. North (widow) to Hattie Beattie, dated June 25th, 1912, and recorded at Vol. 213, page 417, Trumbull County Records of Deeds, which is a warranty deed conveying a fee simple title to Hattie Beattie with habendum clause:

"To have and to hold the above granted and bargained premises with appurtenances thereof to the said grantee herein, her heirs and assigns, forever."

Plaintiffs next present the record of a Lease from Volume 7, page 314-315, Trumbull County Leases and Agreements, the pertinent part of which follows:

"For and in consideration of one hundred dollars to me in hand paid. the receipt of which is hereby acknowledged, I, James F. Richmond, owner in fee, and I, Hattie Beattie, owner as Trustee, both of Phalanx, Trumbull County, Ohio, do hereby grant and lease to the Buckeye Pipe Line Company, its successors and assigns, the right of way * * * (et) over the property . . . . (described in the deed above mentioned)."

This Lease was signed and acknowledged August 14th, 1912, by James F. Richmond and Hattie Beattie.

Plaintiffs then offer a second Lease recorded at Volume 7, page 357. Trumbull County Records of Leases and Agreements from James F. Richmond and Hattie Beattie to the Trumbull Public Service Company. granting the "right to erect, construct, operate and maintain an electric line over" these same premises, which was signed and acknowledged by Hattie Beattie and James F. Richmond February 18th, 1913.

Plaintiff, likewise, offers a certified copy of the death certificate of a James Richmond which purports to prove that one James Richmond was born on June 10th, 1862, and died November 10th, 1915.

In addition to the foregoing exhibits Plaintiff called Hattie Beattie Hallock as a witness, who testified that she now lived in Minerva, that

she formerly lived at Phalanx on the premises described in the petition, that she previously had lived and worked in Cleveland, coming from Cleveland to Phalanx. She was very deaf, and failed to understand or answer many questions. She did not know Betsy North, but thought that the farm was formerly owned by Mr. Richmond. She had no memory of the Lease to The Buckeye Pipe Line Company, nor of ever reading or signing it. Her unrequested statements regarding Mr. Richmond were stricken from the record as unresponsive to the questions asked.

From this very meager evidence at least three things are clear: (1) The Phalanx farm conveyed to Hattie Beattie by Betsy North, June 25th, 1912, by Warranty Deed transferred title to her in fee simple. (2) James F. Richmond, designated as "owner," and Hattie Beattie, designated as "Trustee," leased a right of way across the premises to the Buckeye Pipe Line Company August 14th, 1912. (As far as the lease of February 8th, 1913, is concerned there is no mention of ownership. or trusteeship, in that lease. It adds nothing to support the claim of Plaintiffs' petition other than that both Richmond and Beattie joined as grantors under date of February 18th, 1913.) (3) One James Richmond died November 10th, 1915 (whether or not this is the same person was not admitted).

The question for the Court to determine is whether or not a trust has been proven.

Were the Court to assume the preliminary inferences desired by the Plaintiffs, the Court is immediately confronted with the unanswered question of the terms of the trust. Property is conveyed to Defendant Hattie Beattie Hallock on June 25th., by deed in fee simple. Several weeks later Mrs. Hallock signs a lease in which James Richmond is described as owner and herself as Trustee. James Richmond dies several years later. Defendant continues in uninterrupted possession and ownership of the property for forty years. Suddenly persons unknown to her, strangers to the title, with no knowledge of the situation, except, apparently, this lone record of the Lease to the Buckeye Pipe Line Company, appear and state that this Defendant, by signing the Lease has acknowledged that she holds the property in trust for **their benefit.** How can we assume that a trust has been shown without any proof of its terms? If a trust were established why must the Court infer that the trust was for the benefit of these unnamed parties? Why cannot the Court as easily, and with perhaps more reason, assume that the trust, if proven. was for the benefit of the Defendant? And that, if Richmond may have purchased the property and claimed ownership thereof during his lifetime, the purpose of the unqualified deed was to convey the premises to the Defendant, as her own property, at his death. It appears just as reasonable to draw such an inference from the situation, as to infer that Hattie Beattie was intending to convey the property to the estate of James Richmond or to his heirs after his death. Posed with this situation the Court is driven to investigate the subject of trusts, especially with reference to the manner of their creation.

An express trust must be created by the settler, the Court of Equity

will not create it for him. **40 O. Jur. 140, Sec. 15.** It is clear in this case that the one who owned the real estate previous to Hattie Beattie did not create this trust. Mrs. North conveyed the property to Hattie Beattie by warranty deed in fee simple. There are no indications that a trust was intended. Judge Ashburn in the case of **Faurot v. Neff, 32 Oh St 44, at p. 47,** refers to the statement by Justice Story in his Equity Jurisprudence defining the general rule:

"A trust is never presumed or implied, as intended by the parties, unless taking all the circumstances together, that it is the fair and reasonable interpretation of their acts and transactions."

There are no acts or transactions shown surrounding this transfer of property. The evidence is uncontradicted that Mrs. North sold the property to Hattie Beattie.

It is clear in this instance that James Richmond never owned this real estate, never furnished the money to buy the real estate (no testimony to that effect being permitted by Plaintiff), and never held the title to such real estate. It is absolutely necessary, if we were to suppose that a trust was created by James Richmond on June 25th, 1912, as alleged in Plaintiff's Petition, that he owned the property at the date of transfer to Hattie Beattie.

An owner of property, after parting with title to the same, cannot by subsequent statements change the title which he has parted with from a fee simple to a trust status. **Harvey v. Gardner, 41 Oh St 642, see pages 647-8** for the Court's opinion of the evil of admitting subsequent statements for such purposes:

"If subsequent and not contemporaneous the door might be open to constant frauds upon the rights or property. Where the conveyance is absolute on its face it would be unsafe, and contrary to reason and the rules of evidence, to permit a third person - - - a stranger to the instrument - - - to use the parol admissions or declarations of the grantor, made long after the conveyance, for the purpose of divesting the grantee of his rights by fastening a trust or incumbrance on the estate."

There being no proof of any contemporary arrangement for a trust on June 25th, 1912, the date of the conveyance, the statement of James Richmond in the lease of August 14, 1912, has no weight in proving or inferring that a trust was created previous to that date.

The second necessary supposition would be that the signing of the Lease on August 14, 1912, by Hattie Beattie constitutes a declaration of trust on her part. It is possible for the owner of property to create a trust therein by her own statement that she holds property in trust 40 O. Jur. 141, Sec. 16, and such trust may be created in real estate. Did her signing of the lease of August 14, 1912, create a valid trust? It may very readily be argued that the signing of this lease wherein James Richmond designates himself as "owner" and Hattie Beattie designates herself as "Trustee," declares that she held the property as trustee for James Richmond. But where do the Plaintiffs in this case enter this picture? Even if it were held that a trust had been created the Court has no power to extend the terms of the trust beyond the owner James Richmond. As above stated one inference is as good as the other.

It is as simple and as easy to assume that Hattie Beattie was to own the property outright after James Richmond's death as it is to assume that she was to lose her interest in the property at that event, and that the property should be returned to the heirs of James Richmond.

One of the important elements of a trust is "Certainty."

"The declaration must make reasonably certain its material terms, so that a Court may enforce its execution." 65 C. J. 270, Sec. 50.

"The declaration must contain sufficient words to create the trust, and it must embody all of the essential elements of a trust. It must express the intention to create a trust * * * and state with certainty the terms, subject, persons and object of the trust; and it has been stated that the trustee must be authorized and directed to perform certain duties and assume certain obligations." 89 C. J. S. 771, Sec. 42.

"It is essential to the creation and existence of a trust that a cestui que trust or beneficiary competent to take the beneficial interest thereof, be designated with sufficient clarity and certainty to be capable of identification, although not necessarily by name, and that such cestui que trust or beneficiary be in existence, or at least, if not ascertainable until a future event or unborn, within the possibility of being ascertained or coming into existence. 54 Am. Jur. 114-5, Sec. 136.

There is just nothing either in the lease, or in the evidence to connect the claimants in this lawsuit with this so-called trust. In fact the evidence would appear to fit the remark of Judge Ashbury at page 47 of his Opinion in the Faurot v. Neff case, supra:

"The transaction here * * * partakes more of the nature of a gift than of a trust."

Leaving aside the consideration of the entire absence of designation of cestui que trust and of directions to the trustee of the manner of execution thereof, the Court does not think that a mere designation of grantors in a lease with descriptive words is sufficient to prove an intention to create a trust. Without dispute the intention of the lease was to convey the right to use the property for the purpose therein mentioned, to-wit—

"the right of way to lay, maintain and/or operate pipe lines, telegraph lines, if the same shall be found necessary over and through my lands" etc.

The lease itself was given to the Buckeye Pipe Line Company. Who prepared the lease and why the Grantors were so described therein is not explained. Nothing is granted from Hattie Beattie to James Richmond and the Court doubts entirely that any intention to so grant to James Richmond existed in the mind of Hattie Beattie. At least no evidence of any kind explaining or amplifying such an intention has been suggested. Were there proof of some sort of the creation or even a suggestion of the creation of a trust the use of descriptive words in the Lease would serve as corroborative evidence. But there is no evidence for it to corroborate. By itself it is not such clear, certain and convincing proof as is required to establish a trust in this case.

**Flanders v. Blandy, 45 Oh St 108 at p. 116.**

"It is obvious and well settled by authority that before the owner

can be held as a trustee for the benefit of a mere volunteer there must be a distinct, perfect and unequivocal declaration of trust."

Mannix v. Purcell, 46 Oh St 102, Syl.

"It is competent to prove by parol evidence that land conveyed to a grantee by a deed absolute on its face, is in fact held by him for charitable uses, but such evidence should be clear, convincing and conclusive."

Russell v. Bruer, 64 Oh St 1, 2 Syl.

"A trust engrafted on an absolute deed may be shown by parol evidence; but the declaration of such trust must be contemporaneous with the deed, and the evidence beyond a reasonable doubt as to the existence of the trust, and must be clear, certain and conclusive as to its terms and conditions." (Followed at Hill v. Irons, 160 Oh St 21.)

From the foregoing discussion it is clear that the Court does not find the evidence either clear, convincing, conclusive, certain, distinct, perfect nor unequivocal, nor that any trust on the part of the defendant has been proven. The judgment must, therefore, be rendered in favor of Defendant, Hattie Beattie Hallock, and the petition dismissed at Plaintiff's costs.